IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 08-111-GMS |
| THOMAS PENDLETON, | : | |
| Defendant. | : | |

DEFENDANT PENDLETON'S
MOTION TO DISMISS INDICTMENT

AND NOW comes the defendant, Thomas Pendleton, by his attorney Eleni Kousoulis of the Federal Public Defender's Office, and files this Motion to Dismiss Indictment.

1. Defendant Thomas Pendleton is charged with one count of illicit sexual conduct in a foreign country, in violation of 18 U.S.C. § 2423(c) and (f)(1).

2. Defendant moves to dismiss the indictment on three grounds.

3. First, defendant argues that 18 U.S.C. § 2423(f)(1) exceeds Congressional authority under the foreign commerce clause, because it regulates conduct which is non-commercial.

4. Second, defendant argues that the statute violates substantive due process, because it criminalizes foreign misconduct which does not affect the United States.

-1-

5.  Third, defendant argues that the prosecution should be dismissed because the statute, as applied, violates limitations on the exercise of extraterritorial jurisdiction.

## Ground One - Foreign Commerce Clause

6.  Under 18 U.S.C. § 2423(c), "[a]ny United States citizen…who travels in foreign commerce, and engages in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both."

7.  The phrase "illicit sexual conduct" is defined at 18 U.S.C. § 2423(f).

8.  The phrase has two definitions, one referring to commercial sex acts, the other referring to non-commercial sex acts.

9.  The definition applicable to commercial sex acts appears at 18 U.S.C. § 2423(f)(2).

10. Under § 2423(f)(2), the term "illicit sexual conduct" means "any commercial sex act (as defined in section 1591) with a person under 18 years of age."

11. Under 18 U.S.C. § 1591(c)(1), the term "commercial sex act" means "any sex act, on account of which anything of value is given to or received by any person."

12. The definition applicable to non-commercial sex acts appears at 18 U.S.C. § 2423(f)(1).

13.     Under § 2423(f)(1), the term "illicit sexual conduct" means "a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of Chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States."

14.     The offense of "sexual abuse of a minor," at 18 U.S.C. § 2243(a), is one of the offenses appearing at Chapter 109A, and is the underlying offense charged in the instant indictment.

15.     Payment of consideration is not an element of "sexual abuse of a minor" at 18 U.S.C. § 2243(a).

16.     The indictment therefore rests on the theory that defendant violated 18 U.S.C. § 2423(c) & (f)(1) by traveling to a foreign country and committing a non-commercial sex act with a minor.

17.     Under Article I, Section 10, Clause 3 of the United States Constitution, Congress has the power "[t]to regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes."

18.     The Supreme Court has recognized that Congress exercises plenary authority over both interstate and foreign commerce. California Bankers Assn. v. Shultz, 416 U.S. 21, 46, 94 S.Ct. 1494, 1510 (1974).

19.  To the extent that 18 U.S.C. § 2423(c) regulates commercial sex acts, the statute is arguably a regulation of foreign commerce.  See United States v. Clark, 435 F.3d 1100 (9th Cir. 2006) (holding that prosecution under commercial sex acts prong was within Congressional power under the foreign commerce clause).

20.  To the extent that 18 U.S.C. § 2423(c) regulates non-commercial sex acts, the statute exceeds Congressional power under the foreign commerce clause.

21.  Because § 2423(f)(1) brings non-commercial conduct within the proscription of § 2423(c), and because the regulation of non-commercial conduct exceeds Congressional power under the foreign commerce clause, this Court should hold that 18 U.S.C. §2423(f)(1) is unconstitutional.

22.  Because the indictment case rests upon an unconstitutional statute – to-wit, the non-commercial sex offense definition at 18 U.S.C. § 2423(f)(1) – the indictment should be dismissed.

### Ground Two - Substantive Due Process

23.  The Fifth Amendment of the United States Constitution provides that "no person…shall be…deprived of life, liberty, or property, without due process of law."

24.  Defendant claims, as a matter of substantive due process, that a United States citizen may not be punished for wrongful acts committed in a foreign country unless those wrongful acts affected the United States.

25. Defendant is being prosecuted for a sex offense alleged to have been committed in a foreign country.

26. The statute at issue does not require proof that the sex offense affected the United States, and the conduct at issue did not have any such affect.

27. The United States Court of Appeals for the Third Circuit has held that due process does *not* require a nexus between defendant's foreign conduct and the United States. United States v. Martinez-Hidalgo, 993 F.2d 1052, 1056-57 (3d Cir. 1993).

28. Given this precedent, the District Court is obligated to deny defendant's due process claim.

29. The claim is being raised so as to preserve the issue for en banc review in the court of appeals, and certiorari review in the Supreme Court.

### Ground Three - Extraterritorial Jurisdiction

30. If this Court determines that the charged statute is constitutional, the Court must go on to decide whether the exercise of extraterritorial jurisdiction comports with applicable principles of international law. United States v. Wright-Barker, 784 F.2d 161, 167-68 (3d Cir. 1986) (superseded by statute on other grounds).

31.     A similar test was recently applied in <u>United States v. Neil</u>, 312 F.3d 419, 421 (9th Cir. 2002): "We undertake a two-part inquiry to determine whether extraterritorial jurisdiction is proper.  First, we look to the text of the statute for an indication that Congress intended it to apply extraterritorially.  Second, we look to the operation of the statute to determine whether the exercise of extraterritorial jurisdiction comports with principles of international law."

32.     Both the Supreme Court and the Third Circiut have utilized § 403 of the Restatement (Third) of Foreign Relations Law in resolving questions regarding the exercise of extraterritorial jurisdiction.  <u>Hartford Fire Ins. Co. v. California</u>, 509 U.S. 764, 799, 113 S.Ct. 2891, 2910-11 (1993); <u>Republic of Philippines v. Westinghouse Electric Corp.</u>, 43 F.3d 65, 76 n. 12 (3d Cir. 1994).

33.     Copies of sections 402 and 403 of the Restatement (Third) of Foreign Relations Law are submitted as Exhibit A.

34.     Under § 402(2), the United States has jurisdiction to prescribe law with respect to "the activities, interests, status or relations of its nationals outside as well as within its territory."

35.     This jurisdiction may not be exercised, however, where "the exercise of such jurisdiction is unreasonable."  § 403(1).

36. "Reasonableness" is determined by evaluating the factors set forth at § 403(2).

37. There are three reasons why the exercise of extraterritorial jurisdiction would be unreasonable in this case.

38. First, the commission of the sex offense in Germany did not have a "substantial, direct, and foreseeable effect upon or in the territory" of the United States. § 403(2)(a).

39. Second, the criminal complaint at Crim. Action No. 08-59-GMS reflects that defendant was convicted and incarcerated in Germany based upon the conduct which underlies the instant U.S. indictment; defendant's conviction reflects that sex offenses are addressed under German law; the fact that Germany "regulates such activities" is a factor which weighs against exercising extraterritorial jurisdiction. See § 403(2)(c), directing courts to consider "the extent to which other states regulate such activities."

40. Third, Germany has an interest in prosecuting sex offenses committed against its citizens, and in securing punishments which are within the norms of German law; the fact that Germany "has an interest in regulating the activity" is an additional factor which weighs against exercising extraterritorial jurisdiction. See § 403(2)(g), directing courts to consider "the extent to which another state may have an interest in regulating the activity."

41. Given the unusual combination of factors presented by this case – a defendant who has already been convicted and punished under German law, a criminal episode which

did not affect the United States, and the German interest in imposing punishment within the norms of its own sentencing laws – this Court should find that the exercise of extraterritorial jurisdiction is contrary to international law, and should grant the motion to dismiss the indictment.

WHEREFORE, it is respectfully requested that defendant's Motion to Dismiss Indictment be GRANTED.

Respectfully submitted,

 /s/ Eleni Kousoulis
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware  19801
(302) 573-6010
ecf_de@msn.com

Attorney for Defendant Thomas Pendleton

Dated: September 4, 2008

# EXHIBIT "A"

Case 1:08-cr-00111-GMS    Document 10-2    Filed 09/04/2008    Page 1 of 3

Westlaw.

REST 3d FOREL § 402                                                                    Page 1
Restatement (Third) of Foreign Relations Law § 402 (1987)

C

Restatement of the Law — Foreign Relations Law of the United States
Restatement (Third) of Foreign Relations Law of the United States
Current through March 2008

Copyright © 1987-2008 by the American Law Institute

Part IV. Jurisdiction And Judgments
Chapter 1. Jurisdiction To Prescribe
Subchapter A. Principles Of Jurisdiction To Prescribe

§ 402. Bases Of Jurisdiction To Prescribe

Link to Case Citations

**Subject to § 403, a state has jurisdiction to prescribe law with respect to**

**(1) (a) conduct that, wholly or in substantial part, takes place within its territory;**
**(b) the status of persons, or interests in things, present within its territory;**
**(c) conduct outside its territory that has or is intended to have substantial effect within its territory;**

**(2) the activities, interests, status, or relations of its nationals outside as well as within its territory; and**

**(3) certain conduct outside its territory by persons not its nationals that is directed against the security of the state or against a limited class of other state interests.**

**Comment:**
*a. Bases of jurisdiction to prescribe.* International law recognizes links of territoriality, Subsection (1), and nationality, Subsection (2), as generally justifying the exercise of jurisdiction to prescribe. But these links are not sufficient in all cases: not all activities within a state's territory, nor all activities of a state's nationals, may reasonably be subjected to its legislation. See § 403. The links indicated in this section are universally recognized. Other links may also be sufficient to support jurisdiction in limited circumstances. See, e.g., Comment g to this section and § 414.

Subsection (3) recognizes a special basis of jurisdiction to prescribe which permits a state to safeguard a limited class of state interests, Comment *f*. For exceptional universal jurisdiction by all states, see § 404.

*b. Overlap of bases of jurisdiction.* Territoriality and nationality are discrete and independent bases of jurisdiction; the same conduct or activity may provide a basis for exercise of jurisdiction both by the territorial state and by the state of nationality of the actor. Territoriality is considered the normal, and nationality an exceptional, basis for the exercise of jurisdiction. In some situations the existence of both links may be important to make the exercise of juris-

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Westlaw.

REST 3d FOREL § 403  
Restatement (Third) of Foreign Relations Law § 403 (1987)

Page 1

c

Restatement of the Law — Foreign Relations Law of the United States  
Restatement (Third) of Foreign Relations Law of the United States  
Current through March 2008

Copyright © 1987-2008 by the American Law Institute

Part IV. Jurisdiction And Judgments  
Chapter 1. Jurisdiction To Prescribe  
Subchapter A. Principles Of Jurisdiction To Prescribe

§ 403. Limitations On Jurisdiction To Prescribe

Link to Case Citations

(1) Even when one of the bases for jurisdiction under § 402 is present, a state may not exercise jurisdiction to prescribe law with respect to a person or activity having connections with another state when the exercise of such jurisdiction is unreasonable.

(2) Whether exercise of jurisdiction over a person or activity is unreasonable is determined by evaluating all relevant factors, including, where appropriate:
  (a) the link of the activity to the territory of the regulating state, i.e., the extent to which the activity takes place within the territory, or has substantial, direct, and foreseeable effect upon or in the territory;
  (b) the connections, such as nationality, residence, or economic activity, between the regulating state and the person principally responsible for the activity to be regulated, or between that state and those whom the regulation is designed to protect;
  (c) the character of the activity to be regulated, the importance of regulation to the regulating state, the extent to which other states regulate such activities, and the degree to which the desirability of such regulation is generally accepted.
  (d) the existence of justified expectations that might be protected or hurt by the regulation;
  (e) the importance of the regulation to the international political, legal, or economic system;
  (f) the extent to which the regulation is consistent with the traditions of the international system;
  (g) the extent to which another state may have an interest in regulating the activity; and
  (h) the likelihood of conflict with regulation by another state.

(3) When it would not be unreasonable for each of two states to exercise jurisdiction over a person or activity, but the prescriptions by the two states are in conflict, each state has an obligation to evaluate its own as well as the other state's interest in exercising jurisdiction, in light of all the relevant factors, including those set out in Subsection (2); a state should defer to the other state if that state's interest is clearly greater.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-111-GMS |
| | : | |
| THOMAS PENDLETON, | : | |
| | : | |
| Defendant. | : | |

ORDER OF COURT

AND NOW, this _____ day of _____, 2008, upon consideration of defendant's Motion to Dismiss Indictment, it is hereby ordered that the motion is GRANTED, and that the indictment is hereby DISMISSED.

_____
Honorable Gregory M. Sleet
Chief Judge, United States District Court