IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,      )
                               )
         v.                    )        Criminal Action No. 08-111-GMS
                               )
THOMAS PENDLETON,              )
                               )
         Defendant.            )
                               )

## MEMORANDUM

### I.    INTRODUCTION

Presently before the court is defendant Thomas Pendleton's ("Pendleton") motion to dismiss

the indictment. (D.I. 10.)  The indictment charges him with traveling in foreign commerce to engage

in illicit sexual conduct in violation of the PROTECT Act, 18 U.S.C. §§ 2423(c) and (f)(1).  (D.I. 2.)

Pendleton moves to dismiss the indictment on both constitutional and non-constitutional grounds.

(D.I. 10 at 1.)  For the reasons that follow, the court will deny the motion.

### II.   BACKGROUND

#### A.    Factual and Procedural History

On June 2, 2006, Pendleton, a United States citizen, was arrested in Germany, by German

authorities, for an offense involving sexual contact with a teenage boy. (D.I. 14 at 2.) The defendant

was subsequently convicted under German law and incarcerated in Germany.  (*Id.*)  Pendleton was

released from German custody on or about January 21, 2008, at which time he was deported back to

the United States.  (*Id.*)

On July 24, 2008, Pendleton was indicted by a federal grand jury for traveling in foreign

commerce to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(c). (D.I. 2.)

Specifically, the one-count indictment alleges that:

> From on or about November 25, 2005, and continuing through on or about May 2006, THOMAS S. PENDLETON, defendant herein and a citizen of the United States, did travel in foreign commerce, to wit from the State and District of Delaware, and elsewhere, to the Federal Republic of Germany, and while in Germany the defendant did knowingly engage in illicit sexual conduct, on or about May 27, 2006, to wit, the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person, in violation of Title 18, United States Code, Section 2423(c).

(Indictment at 1.) On July 31, 2008, Pendleton entered a plea of not guilty to the indictment.

On September 4, 2008, the defendant filed the instant motion to dismiss the indictment. (D.I. 10.)

Briefing on the motion was completed on November 10, 2008. The court heard oral argument on the

motion on December 1, 2008. (D.I. 12.)

## B.     The PROTECT Act

On April 30, 2003, Congress enacted the Prosecutorial Remedies and Other Tools to end the

Exploitation of the Children Today Act of 2003 (the "PROTECT Act"). Pub. L. No. 108-21, § 105,

117 Stat. 650, 653-54. The PROTECT Act makes it unlawful for any United States citizen or alien

admitted for permanent residence, to travel in foreign commerce and engage in any illicit sexual

conduct with another person in a foreign place.[1] *See* 18 U.S.C. § 2423. Section 2423(c) is structured

---

[1] Prior to the implementation of the PROTECT Act in 2003, 18 U.S.C. § 2423(b) was the governing statute prohibiting illicit sexual conduct with minors abroad. Unlike § 2423(c), however, Section 2423(b) required the government to prove that the intent to commit the sex offense existed prior to the date the defendant left the United States. The PROTECT Act, on the other hand, added two new sections: (1) § 2423(c) -- which no longer requires the government to prove that the intent to commit the sex offense existed prior to the date the defendant left the United States; and (2) § 2423(f) -- which distinguishes between "commercial" and "non-commercial" sex offenses. *See* 18 U.S.C. §§ 2423(c) and (f).

to address both commercial sex offenses and non-commercial sex offenses. (*Id.*)  Commercial sex

offenses are criminalized under 18 U.S.C. §§ 2423(c) and (f)(2).  Non-commercial sex offenses are

criminalized under 18 U.S.C. §§ 2423(c) and (f)(1). (*Id.*)  Specifically, in relevant part, Section 2423

provides:

> (c) Engaging in illicit sexual conduct in foreign places.  Any United
> States citizen or alien admitted for permanent residence who travels
> in foreign commerce, and engages in any illicit sexual conduct with
> another person shall be fined under this title or imprisoned not more
> than 30 years, or both.
> . . .
> (f) Definition.  As used in this section, the term "illicit sexual
> conduct" means (1) a sexual act (as defined in section 2246 [18
> U.S.C. § 2246]) with a person under 18 years of age that would be in
> violation of chapter 109A [18 U.S.C. §§ 2241 *et seq.*] if the sexual act
> occurred in the special maritime and territorial jurisdiction of the
> United States; or (2) any commercial sex act (as defined in section
> 1591 [18 U.S.C. § 1591]) with a person under 18 years of age.

18 U.S.C. § 2423(c), (f).  Under subsection (f), a "sexual act" is defined to include "the intentional

touching, not through the clothing, of the genitalia of another person who has not attained the age of

16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of

any person." 18 U.S.C. § 2246(3).  A "commercial sex act," however, is defined as any sex act, on

account of which anything of value is given to or received by any person.  18 U.S.C. § 1591(c)(1).

Therefore, in order for a defendant to be convicted under § 2423(c) of the PROTECT Act, the

government must prove that: (1) the defendant is a United States citizen or permanent resident; (2)

who travels in foreign commerce; and (3) engages in illicit sexual conduct, to wit, the commission

of a sexual act with a person under 16 years old. *See* 18 U.S.C. § 2423(c).  Here, the defendant is

being charged with violating 18 U.S.C. §§ 2423(c) and (f)(1).  (D.I. 13 at 6.)

3

## III.    PARTIES' CONTENTIONS

Pendleton moves to dismiss the indictment in this case on three grounds. First, he argues that
the "non-commercial prong" at 18 U.S.C. §§ 2423(c) and (f)(1) is facially unconstitutional because
it exceeds congressional authority under the Foreign Commerce Clause of the United States
Constitution. (D.I. 14 at 3.)  Specifically, he contends that § 2423(f)(1) violates the Foreign
Commerce Clause because it regulates conduct which is "non-commercial." (D.I. 10 at 1.)  Second,
he argues that the statute violates the Fifth Amendment of the United States Constitution. (D.I. 14
at 3.)  Specifically, he contends that § 2423(c) is unconstitutional, as a matter of substantive due
process, because it "criminalizes foreign misconduct which does not affect the United States." (*Id.*)
Third, he contends that, under principles of international law, this particular prosecution should be
dismissed because "it violates applicable limitations on the exercise of extra-territorial jurisdiction."
(*Id.* at 3-4.)

The government counters that the defendant's motion is without merit and should be denied.
(D.I. 13 at 2.)  Specifically, the government contends that both Sections 2423(c) and (f)(1) are valid
and fall within Congress' authority under the Foreign Commerce Clause and pursuant to its treaty
powers. (*Id.* at 4.)  The government further contends that the statute is valid under Congress' broad
authority to regulate the conduct of American citizens outside the United States, and, therefore,
international law does not bar the defendant's prosecution in this case. (*Id.* at 11-12.)

## IV.    LEGAL STANDARD

The Third Circuit standard for evaluating the sufficiency of an indictment provides that an
indictment is sufficient "so long as it (1) contains the elements of the offense intended to be charged,
(2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the

4

defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007) (citations omitted). In making this determination, the court must assume that the allegations in the indictment are true. *See United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990). The court must then "examine the statute[] at issue as applied to the facts alleged in the indictment, and determine whether the defendant's conduct, as charged, reflects a proper interpretation of criminal activity under the relevant criminal statutes." *United States v. Shenandoah*, 572 F. Supp. 2d 566, 571 (M.D. Pa. 2008) (citations and brackets omitted).

Federal statutes are presumed constitutional. *United States v. Morrison*, 529 U.S. 598, 607 (2000). Therefore, a congressional enactment will only be invalidated on a "plain showing" that Congress exceeded its authority under the U.S. Constitution. *Id.*

## V.     DISCUSSION

Having considered the record in this case, the parties' arguments and briefing, and the applicable law, the court concludes that Sections 2423(c) and (f)(1) of the PROTECT Act: (A) constitute a valid exercise of Congress' powers under both the Foreign Commerce Clause and its treaty powers; (B) do not violate substantive due process requirements under the Fifth Amendment; and (C) are not barred by principles of international law. The court will, therefore, deny the defendant's motion to dismiss the indictment.

### A.     Whether Sections 2423(c) and (f)(1) Exceed Congress' Authority Under the Foreign Commerce Clause

Article I, Section 8, Clause 3 of the United States Constitution gives Congress the power to "regulate Commerce with foreign Nations, and among the several States." In the context of interstate commerce, Congress is authorized to regulate the following three broad categories of activity:  (1)

"the use of the channels of interstate commerce"; (2) the use of "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities"; and (3) "those activities having a substantial relationship to interstate commerce, *i.e.*, those activities that substantially affect interstate commerce." *United States v. Lopez*, 514 U.S. 549, 558-59 (1995); *see also Gonzales v. Raich*, 545 U.S. 1, 16-17 (2005) (same).

Congress' power to regulate foreign commerce, however, is even greater than its power to regulate interstate commerce. *See, e.g., Japan Line, Ltd. v. Los Angeles County*, 441 U.S. 434, 448 n.13 (1979) (concluding that "Congress's power to regulate interstate commerce may be restricted by considerations of federalism and state sovereignty," however, "[i]t has never been suggested that Congress's power to regulate foreign commerce could be so limited"). Indeed, Congress' authority under the Foreign Commerce Clause is broad and plenary. *See United States v. Clark*, 435 F.3d 1100, 1113 (9th Cir. 2006) (citing cases that demonstrate the Supreme Court "has been unwavering in reading Congress's power over foreign commerce broadly").

Here, defendant argues that § 2423(f)(1) exceeds Congress' authority under the Foreign Commerce Clause because it regulates "sexual act[s]" that are "non-commercial." (D.I. 10 at 3). The court does not agree. Sections 2423(c) and (f)(1) constitute a valid exercise of Congress' powers under the Foreign Commerce Clause.

First, as the government correctly points out, §§ 2423(c) and (f)(1) contain a foreign travel element that expressly implicates foreign commerce. That is, in order for a defendant to be convicted under §§ 2423(c) and (f)(1), the statute requires that the government prove the defendant "*travel[ed] in foreign commerce.*" *See* 18 U.S.C. § 2423(c) (emphasis added). Indeed, if there is no travel in foreign commerce, there is no crime under §§ 2423(c) and (f)(1). This explicit jurisdictional element

6

"unequivocally establishes that Congress specifically invoked the Foreign Commerce Clause." *See Clark*, 435 F.3d at 1114. Notwithstanding the defendant's assertions in this regard, it is this aspect of §§ 2423(c) and (f)(1) -- not the commercial nature of the sexual act -- that places the provisions at issue "squarely within Congress' authority to regulate and protect" Foreign Commerce. *Cf. Clark*, 435 F.3d at 1114.

Second, in concluding that § 2423(c) constitutes a valid exercise of Congress' powers under the Foreign Commerce Clause, this court reaches the same conclusion as several other courts that have addressed this issue in the context of § 2423(f)(2). *See, e.g., Clark*, 435 F.3d at 1116 (holding that the travel element of § 2423(c) is a valid regulation of foreign commerce); *United States v. Bianchi*, No. 06-19, 2007 U.S. Dist. LEXIS 37103, at *16 (E.D. Pa. May 22, 2007) (concluding that defendant "has failed to make a plain showing that Congress has exceeded its constitutional bounds [under the Foreign Commerce Clause] in enacting 18 U.S.C. 2423(c)").

Third, the court further finds that §§ 2423(c) and (f)(1) are valid under the Necessary and Proper Clause.[2] That is, these provisions are "necessary and proper" to the implementation of the United States' international treaty obligations. *See United States v. Franks*, 486 F. Supp. 2d 1253, 1256-58 (S.D. Fla. 2007) (finding that Congress could enact § 2423(c) under the Necessary and Proper Clause); *United States v. Pepe*, No. 07-168-DSF, slip op. at 6 (C.D. Cal. Dec. 3, 2007) ("Section 2423(c) . . . is thus a necessary and proper means of implementing the government's treaty-making power.") (*See* D.I. 13 at Attachment 2.) Specifically, Article VI, Clause 2 of the United States Constitution gives Congress the authority to enact legislation to implement treaties under the

---

[2] The Necessary and Proper Clause grants Congress the power to "make all Laws which shall be necessary and proper" for executing its other enumerated powers. U.S. Const. art. I, § 8, cl. 18.

Necessary and Proper Clause. *See Missouri v. Holland*, 252 U.S. 416, 432 (1920). Therefore, when analyzed in conjunction with Congress' power to enact legislation to implement treaties, §§ 2423(c) and (f)(1) are, indeed, valid.[3]

The court, therefore, concludes that §§ 2423(c) and (f)(1) of the PROTECT Act constitute a valid exercise of Congress' powers under the Foreign Commerce Clause.

## B.     Whether Sections 2423(c) and (f)(1) Violate Substantive Due Process Under the Fifth Amendment

The Fifth Amendment's guarantee of "due process of law" includes a substantive component, which forbids the government from infringing upon certain fundamental interests, regardless of the process provided, unless that infringement is "narrowly tailored to serve a compelling state interest." *See Collins v. Harker Heights*, 503 U.S. 115, 125 (1992).

Here, the defendant contends that certain provisions of the PROTECT Act violate the Fifth Amendment of the United States Constitution. (D.I. 14 at 3.) Specifically, he contends that § 2423(c) is unconstitutional, as a matter of substantive due process, because it "criminalizes foreign misconduct which does not affect the United States." (*Id.*) He claims that he cannot be punished for alleged sex acts committed in Germany because those acts do not affect the United States. (D.I. 10 at 4.) The defendant, however, concedes that this same substantive due process argument has already been rejected by the Third Circuit in *United States v. Martinez-Hidalgo*, 993 F.2d 1052, 1056 (3d Cir.

---

[3] On June 18, 2002, the U.S. Senate ratified the Optional Protocol to the Convention on the Rights of the Child on the Sale of Children, Child Prostitution, and Child Pornography. S. Treaty Doc. No. 106-37, 39 L.L.M. 1285 (the "Optional Protocol Treaty"). (*See* D.I. 14 at Attachment 1.) The government correctly notes that § 2423(c) is promulgated in accord with the Optional Protocol Treaty in that it prohibits travel from the United States to engage in illicit commercial sex acts or to sexually assault or abuse children abroad. See *Franks*, 486 F. Supp. 2d at 1256-58.

8

1993), and that this court is, therefore, "obligated to deny" his claim. In *Martinez-Hidalgo*, the Third Circuit held that there was "nothing fundamentally unfair in applying [the statute at issue] exactly as Congress intended -- *extraterritorially without regard for a nexus between a defendant's conduct and the United States*." *Id.* at 1056 (emphasis added). Indeed, this court must deny Pendleton's motion to dismiss in this regard. Likewise, in accord with the Third Circuit's decision in *Martinez-Hidalgo*, the court finds that U.S. citizenship alone provides a sufficient basis for the constitutional exercise of jurisdiction over the defendant in this case, and that §§ 2423(c) and (f)(1) of the PROTECT Act do not violate the substantive due process requirements of the Fifth Amendment.

## C.   Whether Defendant's Prosecution Under Sections 2423(c) and (f)(1) is Barred by Principles of International Law

The validity of the laws of the United States do not depend on international law. *See Alvarez-Mendez v. Stock*, 941 F.2d 956, 963 (9th Cir. 1991). That said, courts, however, will generally construe statutes so as to avoid conflict with international law when possible to do so without distorting them. *See Murray v. The Schooner Charming Betsy*, 6 U.S. 64 (1804). Furthermore, "a state may not exercise jurisdiction to prescribe law with respect to a person or activity having connection with another state when the exercise of such jurisdiction is unreasonable." Restatement (Third) of Foreign Relations Law of the United States § 403(1) (WL 2008) (the "Restatement").[4]

___

[4] According to the Restatement, in the international law context, "unreasonableness" is determined by evaluating all relevant factors including: "(1) the extent to which the activity takes place within the territory, or has substantial, direct, and foreseeable effect upon the territory; (2) the connections, such as nationality, residence, or economic activity, between the regulating state and the person principally responsible for the activity to be regulated; (3) the character of the activity to be regulated, the importance of the regulation to the regulating state, the extent to which other states regulate such activities, and the degree to which the desirability of such regulation is generally accepted; (4) the existence of justified expectations that are protected or

9

Here, the defendant contends that his prosecution is barred by international law because, among other things, "it violates applicable limitations on the exercise of extra-territorial jurisdiction." (D.I. 14 at 3-4.) The court disagrees.

First, it is clear Congress intended for the PROTECT Act to be applied extraterritorially. Indeed, the plain language of §§ 2423(c) and (f)(1) is aimed at enforcement against any "United States citizen or alien admitted for permanent residence who travels in foreign commerce, and engages in any illicit sexual conduct[.]" 18 U.S.C. § 2423(c). As the government correctly notes, international law principles cannot override or otherwise invalidate this clear intent. Nor is the court persuaded that international law principles of "reasonableness" invalidate the provisions at issue in this case.

Finally, the defendant's argument that this prosecution is unreasonable as a matter of international law because he was previously prosecuted in German is equally unpersuasive. The fact that Germany has an interest in regulating, and does regulate the behavior of adults toward children within its territorial limits, in no way diminishes the interest the United States has in regulating that same behavior when it involves one of its citizens. In this case, Pendleton's previous prosecution, conviction, and term of imprisonment in Germany for a German sexual offense does not, in any way, diminish or bar prosecution or enforcement of United States law under the PROTECT Act. Germany and the United States are separate sovereigns. *See, e.g., Blackmer v. United States*, 284 U.S. 421, 436 (1932) (standing for the proposition that a sovereign nation may regulate the conduct of its own nationals, even when they are outside the country). And, much as in the instance of a successive prosecution by the government of the United States and one of the states of a citizen for the same

---

hurt by the regulation; (5) the importance of the regulation to the international political, legal, or economic system; (6) the extent to which another state may have an interest in regulating the activity; and (7) the likelihood of conflict with regulation by another state." *Id.* at § 403(2).

behavior under different laws, the United States may assert its interest in the circumstances presented

in this case. *Cf. Bartkus v. Illinois*, 359 U.S. 121, 129 (1959) (holding that the U.S. Constitution does

not bar a state from prosecuting a defendant who previously has been tried for the same acts in federal

court) ("Federal and State Governments retained the power to impose criminal sanctions"). Pendleton

fails to cite any authority that holds otherwise. The court is not convinced that the PROTECT Act,

or any of its provisions are invalid, or that the defendant's prosecution is barred by principles of

international law.

## VI.    CONCLUSION

For the reasons discussed, the court will, therefore, deny the defendant's motion to dismiss

the indictment.

Dated: February 11 , 2009

CHIEF, UNITED STATES DISTRICT JUDGE

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | )     Criminal Action No. 08-111-GMS |
| | ) |
| THOMAS PENDLETON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

For the reasons stated in the court's Opinion of this same date, IT IS HEREBY ORDERED
THAT:

1.    The defendant's motion to dismiss the indictment (D.I. 10) is DENIED.

Dated: February _11_, 2009

CHIEF, UNITED STATES DISTRICT JUDGE