IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal Action No. 08-111-GMS |
| THOMAS PENDLETON, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM

## I.     INTRODUCTION

On July 24, 2008, the defendant, Thomas Pendleton ("Pendleton"), was indicted by a federal grand jury for one count of engaging in illicit sexual conduct in a foreign place, in violation of 18 U.S.C. § 2423(c).  On September 17, 2009, after a three-day trial, a jury returned a verdict of guilty. At the close of the government's evidence in the trial, Pendleton made the instant motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29(b).  In their briefing, the parties express opposing views concerning the only issue raised by Pendleton's motion: whether he is entitled to judgment of acquittal because he was prosecuted in the wrong federal judicial district, that is, a district where there is no constitutional or statutory support for a finding of venue.  Put simply, is 18 U.S.C. § 3237 the applicable venue statute, as Pendleton asserts, or is 18 U.S.C. § 3238 the governing act, as the government contends?  After having considered the record in this case, the parties' arguments, briefing and the applicable law, the court will deny Pendleton's motion for judgment of acquittal.

## II.     BACKGROUND

On November 25, 2005, Pendleton, a United States citizen, traveled to Germany from the United States by flying from Philadelphia International Airport to Hamburg, Germany with a

stopover at John F. Kennedy International Airport ("JFK Airport") in New York City.  (*See* D.I. 48 at 2.)  On June 2, 2006, Pendleton was arrested by German authorities in Germany for an offense involving illicit sexual contact with a teenage boy.  (D.I. 14 at 2.)  The defendant was subsequently convicted under German law and incarcerated in Germany.  (*Id.*)  Pendleton was released from German custody on or about January 21, 2008, at which time he was deported back to the United States.  (*Id.*)

The defendant was deported from Germany in January 2008.  On March 10, 2008, Pendleton was arrested in the District of Delaware in front of 202 W. 14th Street in Wilmington, Delaware. On July 24, 2008, Pendleton was indicted by a federal grand jury, sitting in Delaware, for engaging in illicit sexual conduct while traveling in interstate commerce, in violation of 18 U.S.C. § 2423(c), (D.I. 2.)  Specifically, the one-count indictment alleges that:

> From on or about November 25, 2005, and continuing through on or about May 2006, THOMAS S. PENDLETON, defendant herein and a citizen of the United States, did travel in foreign commerce, to wit from the State and District of Delaware, and elsewhere, to the Federal Republic of Germany, and while in Germany the defendant did knowingly engage in illicit sexual conduct, on or about May 27, 2006, to wit, the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person, in violation of Title 18, United States Code, Section 2423(c).

(Indictment at 1.)  On July 31, 2008, Pendleton entered a plea of not guilty to the indictment.

At trial, Pendleton moved for judgment of acquittal at the close of the government's evidence.  He made only one claim in support of his motion.  Citing what the defense now calls the

general venue statute, 18 U.S.C. § 3237(a),[1] Pendleton argued that the Eastern District of New York

("the EDNY") rather than the District of Delaware was the proper venue for this case to be tried.

(Tr. 275.)  The government responded that the determination of where the prosecution and trial of

Pendleton, and others charged under 18 U.S.C. § 2423(c), should take place is governed by the

provisions of 18 U.S.C. § 3238.[2]  (Id.)  The court reserved ruling on Pendleton's motion (Id. at 279)

and ordered the parties to prepare a post-trial briefing schedule on the motion.  (Id. at 338-39.)  On

September 17, the jury returned a verdict of guilty.  Briefing on the defendant's motion was

completed on October 30, 2009.

## III.   STANDARD OF REVIEW

A motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure

may only be granted where the evidence is insufficient to sustain a conviction.  *See United States v.*

*Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990).  In deciding such a motion, the court must view the

evidence in the light most favorable to the government.   *See United States v. Gambone*, 314 F.3d

163, 169-70 (3d Cir. 2003).  Indeed, the jury verdict will stand if there is substantial evidence, either

direct or circumstantial, to support the conviction.  *Id.* at 169-70 (citations omitted); *see also United*

*States v. Cohen*, 455 F. Supp. 843, 852 (E.D. Pa. July 18, 1978), *aff'd*, 594 F.2d 855 (3d Cir. 1979).

## IV.   THE STATUTES AT ISSUE

### A.     The PROTECT Act

On April 30, 2003, Congress enacted the Prosecutorial Remedies and Other Tools to end the

---

[1] 18 U.S.C. § 3237 is actually titled "Offenses begun in one district and completed in another."

[2] In his briefing, Pendleton refers to this provision as the "foreign venue statute."  The actual title of the act is "Offenses not committed in any district."

Exploitation of the Children Today Act of 2003 (the "PROTECT Act"). Pub. L. No. 108-21, § 105, 117 Stat. 650, 653-54. The PROTECT Act makes it unlawful for any United States citizen or alien admitted for permanent residence, to travel in foreign commerce and engage in any illicit sexual conduct with another person in a foreign place. Specifically, in relevant part, § 2423 provides:

> (c) Engaging in illicit sexual conduct in foreign places. Any United States citizen or alien admitted for permanent residence who travels in foreign commerce, and engages in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

18 U.S.C. § 2423(c). Prior to the implementation of the PROTECT Act in 2003, 18 U.S.C. § 2423(b) was the governing statute prohibiting illicit sexual conduct with minors abroad. Unlike § 2423(c), § 2423(b) requires the government to prove that the travel was for the purpose of engaging in illicit sexual conduct. *See* 18 U.S.C. § 2423(b) ("a United States citizen . . . who travels in foreign commerce[] *for the purpose of* engaging in any illicit sexual conduct with another person . . . .") (emphasis added). In other words, the individual charged must possess the intent to commit the sex offense prior to the date he or she leaves the United States. The PROTECT Act, on the other hand, added § 2423(c), which no longer requires the government prove that the intent to commit the sex offense existed prior to the date the defendant left the United States. *See* 18 U.S.C. § 2423(c) ("Any United States citizen . . . who travels in foreign commerce[] and *engages in* any illicit sexual conduct with another person . . . .") (emphasis added).

### B.     Venue Statutes

As has been previously stated, the only issue before the court is whether Pendleton is correct in his assertion that 18 U.S.C. § 3237 is the only statute applicable to the determination of where he could be tried for the underlying offense – the District of Delaware or the EDNY. Section 3237

4

provides in relevant part:

> (a) Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

> Any offense involving . . . transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such . . . person moves.

18 U.S.C. § 3237(a).  The government, on the other hand, asserts that 18 U.S.C. § 3238 is the applicable venue statute.  That section and provides in relevant part:

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender . . . is arrested or is first brought . . . .

18 U.S.C. § 3238.

## V.     DISCUSSION

The PROTECT Act contains no directive as to the appropriate venue for the prosecution of those charged under its provisions.  In such circumstances, when confronted with a venue challenge such as that before the court, the United States Supreme Court has directed that the lower courts apply the two-pronged test set forth in its opinion in *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 n. 1 (1999).  To decide the issue, the Court stated that the *locus delicti*, the place of the offense, must be determined.  In order to make that determination, the court must first identify the prohibited conduct. *Id.* at 279. Second, the court must discern where the conduct constituting the offense occurred. *Id.*

Pendleton argues that the *locus delicti* test is inapposite in his case.  He makes this argument

while seeming to acknowledge that the statute which describes the offense conduct, § 2423(c), does not contain any provisions purporting to deal with venue or jurisdiction for trial.  Curiously though, the defendant directs the court's attention not to § 2423 (c), but to § 3237, and states: "Defendant must also disagree with the government's suggestion that the charged offense lacks an express venue provision.  The applicable venue provision appears at 18 U.S.C. § 3237 (a) . . ." (D.I. 49 at 3.)  Later in his reply brief, the defendant repeats this mantra: "In summary, a locus delecti (sic) analysis is not conducted where an applicable statute fixes the place of venue.  The sex offense charged in this case has an express venue provision, appearing at 18 U.S.C. § 3237 (a)." (Id. at 4.)  At its essence, then, Pendleton's argument appears to be that the offense conduct described in § 2423(c) proscribes certain behavior while traveling in foreign commerce.  He continues, § 3237(a) "provides that when a defendant is charged with '[a]ny offense involving transportation in interstate or foreign commerce,' the defendant may be prosecuted 'in any district from, through, or into which such commerce . . . moves.'" According to Pendleton, his ". . . crime was initially 'committed' in the Eastern District of New York, the district from which his foreign travel commenced." (D.I. 49 at 1.)  Therefore, the argument goes, jurisdiction over this matter rests in the EDNY (the place where his foreign travel commenced). (D.I. 46 at 4.)  As a result, Pendleton concludes that he was wrongly tried in Delaware and is, thus, entitled to a judgment of acquittal.

The government disagrees, and argues that the question is more appropriately analyzed using the test discussed in *Rodriguez-Moreno*.  The government contends that under this analysis, the statute that should govern the venue determination in this case is § 3238, which provides in relevant part that; "The trial of all offenses . . . committed . . . out of the jurisdiction of any particular State or district, shall be held in the district in which the offender . . . is arrested or is first brought . . ." 18 U.S.C. §

3238.  The court agrees with the government.

Pendleton seems to conflate his assertion that the *locus delicti* test is inapposite to the facts of his case with his argument that the provisions of § 3237 should govern the venue determination here. He expressly argues that the court should bypass *locus delicti* because the provisions of § 3237 are somehow expressly contained within those of the offense conduct statute - § 2423(c).  The defendant cites no rule of statutory construction, statute, or case authority in support of this strained reading of how courts should analyze venue challenges in circumstances such as those presently before the court.

Contrary to Pendleton's view, it seems to the court that the analysis prescribed by the Court in *Rodriguez-Moreno* is useful in this case because it will assist in the determination of the gravamen of the offense.  In other words, the *locus delicti* examination should reveal the behavior that Congress was attempting to proscribe in the provisions of § 2423(c).  That inquiry should in turn lead to the answer to the question before the court – whether Delaware was the appropriate jurisdiction for the trial of this case?

As previously noted, in its search for the answer to the question, Pendleton would have the court focus on what he seems to identify as the critical element in § 2423(c) - travel in foreign commerce.  Pendleton contends, at least implicitly, that because a defendant's movement in foreign commerce must be proved for him or her to be convicted of the crime, it is necessary to establish the point from where the individual departs the United States.  Again, Pendleton cites no authority in support of his argument that since § 3237(a) contains the words "transportation in . . . foreign commerce," this is the venue provision that Congress intended the courts use to set the place of trial for these offenses.  However, the court believes the fact that an element of the offense is travel in foreign commerce reveals little about where those charged like the defendant should be tried.

7

First, an examination of § 3237(a)'s provisions makes clear that it actually addresses the question of where to set venue in those circumstances where there is conduct that, among other things, involves foreign commerce which results in the commission of an offense in more than one district. As will be discussed shortly, the court concludes that this case does not appear to involve what the statute terms a "continuing offense" which moves from district to district or was begun in one district and completed in another.  The sole fact that Pendleton left the U.S. from JFK Airport does not bring this case within the parameters of § 3237(a).

This court concludes, as did the Court in *Rodriguez-Moreno,* that a better place to look for the answer in a case such as this is the offense conduct statute.  In determining the appropriate venue in *Rodriguez-Moreno*, the Court identified what it called the "essential conduct elements" of the offense in question.  It was these elements of the conduct , and not the "circumstance elements" of the offense, that guided the Court's venue decision.  Put simply, the Court concerned itself with "the nature of the crime alleged and the location of the act or acts constituting it."  *Id.* at 279.  Based upon this examination, the Court was able to determine the place, or *locus delicti*, of the offense – that is, the place where the matter should be tried.

The crime alleged against Pendleton was that he engaged in illicit sexual conduct while traveling in foreign commerce, in violation of 18 U.S.C. § 2423(c).  The nature of the crime – that is, the gravamen of the proscribed act or acts – in this case is that Pendleton allegedly engaged in an act or acts involving illicit sexual conduct.  The location where this conduct was alleged to have taken place was the country of Germany.  These are the essential elements of the conduct in question.  The very title of § 2423(c), "Engaging in illicit sexual conduct in foreign places," makes clear the essence of the conduct Congress was trying to reach.  The House Report for § 2423(c) further illuminates this

8

fact:

> There would be no need for a sex tourism statute if foreign countries successfully prosecuted U.S. citizens or resident aliens for the child sex crimes committed *within their borders*. However, for reasons ranging from ineffective law enforcement, lack of resources, corruption, and generally immature legal systems, sex tourists often escape prosecution in the host countries. It is in those instances that the United States has an interest in pursuing criminal charges in the United States.

H. Rep. 107-525, at 3 (2002), *available at* http://bulk.resource.org/gpo.gov/reports/107/hr525.107.pdf (emphasis added).

So, while the court agrees with Pendleton that being in foreign commerce is essential to a completion of the charge conduct, the court does not agree that proof of the point of entry into foreign commerce is anything more than a possible circumstance element of the offense, if it is that. In other words, it may seem logical that as a part of its proof, the government might establish the location from where a defendant leaves U.S. boarders, but that fact adds nothing to the venue calculus. Indeed, as the government notes in its brief:

> The point of departure from the United States may be difficult or impossible to determine in many cases. In this case, for example, the defense contends that the defendant's travel commenced from [JFK Airport] in the Eastern District of New York. But the defendant's flight itinerary actually began in Philadelphia, and his land travel may have begun somewhere else entirely. The defendant's only connection to New York was a six-hour layover awaiting his connecting flight.

(D.I. 48 at 10-11 (internal citations omitted).)[3]

Pendleton cites *United States v. Pace*, 314 F.3d 344, 351 (9th Cir. 2002), for the proposition

---

[3]The court can also easily envision a scenario where the government could not trace or prove a defendant's point of departure. For instance, would a defendant who had lived abroad for many years, engaged in illicit sexual conduct, and been returned to this country be able to escape prosecution because the government could not establish the district from which he or she departed the U.S.? Applying Pendleton's rationale to this question would seem to result in an answer that is untenable, at best.

that § 3238 is unavailable where the offense is committed in part in the United States.  The facts in *Pace* are, however, distinguishable from those before the court.  The defendant in *Pace* was charged with wire fraud because he allegedly wired money from Mexico to his personal bank account in Ohio.  The court concluded that "the nature of a wire fraud offense - the 'gist and crux' of the offense - is the misuse of wires," and that the misuse of wires occurred in Ohio.  *Pace*, 314 F.3d at 349.  In Pendleton's case, the "gist and crux" of the offense for which he was indicted clearly was not the otherwise legal act of flying from the United States to Germany, but rather engaging in illicit sexual conduct with a minor.  That conduct took place not in New York – or, for that matter, anywhere within the United States – but in Germany.

The court is aware of only one case in which a federal court has addressed the issue of venue for a prosecution under 18 U.S.C. § 2423(c), and that court found that § 3238 is the proper statute for determining venue in such cases.  In *United States v. Armstrong*, 2007 WL 3171775 (W.D. Tex. Oct. 26, 2007), the district court held that "one need only look so far as the title of the statute to determine the offense conduct at issue [under § 2423(c)]: 'engaging in illicit sexual conduct in foreign place.'"  *Id.* at *2.  Thus, the *Armstrong* court held that the offense conduct occurred in Mexico, the location where the defendant actually committed the illicit sexual conduct.  *Id.* at *3.  The court concluded, "as here, where the offense conduct occurred in . . . Mexico, venue within the United States is appropriate 'in the district in which the offender . . . is arrested or is first brought'" pursuant to § 3238, and not (or at least not only) in the location in the United States from which the defendant first departed to Mexico.  *Id.* at *4.

The court agrees with *Armstrong's* analysis.  The offense conduct in this case occurred in Germany.  Consequently, § 3238 is the appropriate statute for determining venue.  Since Delaware

conduct, Delaware was a proper venue for his prosecution under § 3238.

## VI.     CONCLUSION

For the foregoing reasons, the court will deny Pendleton's motion for judgment of acquittal.

Dated: February ⟍, 2010

CHIEF, UNITED STATES DISTRICT JUDGE

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal Action No. 08-111-GMS |
| | ) | |
| THOMAS PENDLETON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **ORDER**

For the reasons stated in the court's Opinion of this same date, IT IS HEREBY ORDERED THAT:

1.     The defendant's reserved motion for judgment of acquittal (*see* D.I. 46) is DENIED.

Dated: February 2, 2010

_____
CHIEF UNITED STATES DISTRICT JUDGE